# Illinois Official Reports

## Appellate Court

***People v. Neese*, 2015 IL App (2d) 140368**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TIMOTHY M. NEESE, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-14-0368 |
| Filed | April 21, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 11-CF-351; the Hon. C. Robert Tobin III, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Thomas A. Lilien, Richard C. Harris, and Paul J. Glaser, all of State Appellate Defender's Office, of Elgin, for appellee. |

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Timothy M. Neese, filed a motion to suppress statements he made to a police officer. The trial court, relying on Illinois Supreme Court Rule 402(f) (eff. July 1, 2012), ruled that the statements were inadmissible because they were made during a plea discussion, and thus it granted the motion to suppress. Because the statements were not made during a plea discussion, we reverse and remand.

¶ 2 I. BACKGROUND

¶ 3 Defendant was indicted in the circuit court of Boone County on one count of felony theft (720 ILCS 5/16-1(a)(1)(A) (West 2010)). The following facts were established at the hearing on defendant's motion to suppress. On December 1, 2011, Officer Paul Derry of the Belvidere police department spoke to defendant on the telephone regarding a theft of coins from an apartment-building washing machine. During that conversation, defendant stated that he wanted to speak in person to Officer Derry and the complainant, Mike Thomas. Officer Derry told him that there was no need to do so, because Thomas had signed an "intent to prosecute form" and the decision to charge defendant was no longer up to Thomas. Officer Derry explained that it was up to the State's Attorney's office and the police department as to whether to charge defendant. He told defendant that he would speak to the State's Attorney's office and that, depending on what he was told, he would "decide where to go from there." Defendant told Officer Derry that he really wanted to speak to him with Thomas present. When Officer Derry repeated that that was not necessary, defendant responded that he was not willing to speak over the phone.

¶ 4 While still speaking to defendant on the phone, Officer Derry invited him to come to the police station. He told defendant that, if defendant would come in and give a full, written confession, then he would consider charging defendant only with a misdemeanor. According to Officer Derry, he did not guarantee to defendant what would happen; he "simply told him [he] would be willing to consider that."

¶ 5 After defendant indicated that he was willing to come to the police station before 3 p.m. that day, Officer Derry asked him what he would say. Defendant told him that he would write that he had taken coins from the washing machine. When Officer Derry asked him whether the amount reported by Thomas as being taken was accurate, defendant said "no" and that he took only about $50 on each of 12 occasions. Defendant never stated that he was willing to plead guilty or asked what his sentence might be if he provided a written statement. Nor did Officer Derry mention a possible guilty plea.

¶ 6 Defendant never appeared, however, and, at approximately 3:55 p.m. on the same day, Officer Derry met with an assistant State's Attorney. Officer Derry reported defendant's statements regarding the theft of the coins and obtained authority to charge a felony. Officer

Derry did not tell the assistant State's Attorney that there had been any agreement with defendant to charge only a misdemeanor.

¶ 7 In ruling on the motion to suppress, the trial court found that Officer Derry "made a specific offer that he would charge the defendant with a misdemeanor rather than a felony, and that defendant responded by accepting the offer and confessing to the crime." The court ruled that defendant's confession was "equivalent to an offer to plead guilty" and thus it granted the motion to suppress. After its motion to reconsider was denied, the State filed a certificate of impairment (see Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013)) and a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, the State contends that defendant's statements to Officer Derry were not made during the course of a plea discussion and that, therefore, Rule 402(f) did not bar the admission of those statements. Defendant argues that a plea discussion effectively existed, because he believed that he was engaged in a plea discussion and such belief was objectively reasonable under the circumstances.

¶ 10 When reviewing a trial court's ruling on a motion to suppress, we greatly defer to the court's factual findings and will not reverse those findings unless they are against the manifest weight of the evidence. *People v. Close*, 238 Ill. 2d 497, 504 (2010). However, we review *de novo* the ultimate decision to grant or deny the motion. *Close*, 238 Ill. 2d at 504.

¶ 11 Rule 402(f) provides, in pertinent part, that if a plea discussion does not result in a guilty plea then any such plea discussion is not admissible against the defendant in a criminal proceeding. Ill. S. Ct. R. 402(f) (eff. July 1, 2012).[1] The purpose of Rule 402(f) is to encourage the negotiated disposition of criminal cases through elimination of the risk that the accused's statements or concessions made during the course of plea discussions could be used against him. *People v. Rivera*, 2013 IL 112467, ¶ 18.

¶ 12 However, not all statements made by a defendant in the hope of obtaining a concession constitute plea discussions. *Rivera*, 2013 IL 112467, ¶ 19. Indeed, there is a difference between a statement made during the course of a plea discussion and an otherwise independent admission, the latter of which is not excluded by Rule 402(f). *Rivera*, 2013 IL 112467, ¶ 19. The determination is not a bright-line rule but turns on the facts of each case. *Rivera*, 2013 IL 112467, ¶ 19. In deciding whether a statement was given during the course of a plea discussion, we may consider the nature of the statement, to whom the defendant made the statement, and what was said by the parties to the conversation. *Rivera*, 2013 IL 112467, ¶ 19.

¶ 13 Rule 402(f) was not intended to exclude as evidence mere offers to cooperate with the police, at least where such offers are not accompanied by the rudiments of the plea-negotiation process. *Rivera*, 2013 IL 112467, ¶ 23. One such rudiment, for example, would be the defendant's willingness to enter a guilty plea in return for concessions by the State. *Rivera*, 2013 IL 112467, ¶ 23.

¶ 14 Moreover, any person who voluntarily speaks to the police probably hopes to benefit therefrom. *Rivera*, 2103 IL 112467, ¶ 29. Courts should resist an approach that characterizes every conversation between a defendant and the police as a plea negotiation. *Rivera*, 2013 IL

--------

[1]See also Ill. R. Evid. 410 (eff. Jan. 1, 2011) (which is consistent with Illinois Supreme Court Rule 402(f) (eff. July 1, 2012)).

112467, ¶ 29. Rather, courts should carefully recognize the investigative role the police perform as compared to the prosecutor. *Rivera*, 2013 IL 112467, ¶ 29. Although Rule 402(f) was enacted to encourage plea negotiations, it was not designed to discourage legitimate interrogation techniques. *Rivera*, 2013 IL 112467, ¶ 29. Those facing criminal prosecution often seek leniency, and thus not all attendant statements made in the hope of obtaining concessions are plea-related statements under Rule 402(f). *Rivera*, 2013 IL 112467, ¶ 26.

¶ 15 The supreme court has recognized a two-part test for deciding whether particular statements are plea-related. *Rivera*, 2013 IL 112467, ¶ 18. The court must consider first whether the defendant had a subjective expectation to negotiate a plea, and second, whether any such expectation was objectively reasonable under the totality of the facts. *Rivera*, 2013 IL 112467, ¶ 18. Where the defendant's subjective expectations are not explicit, the objective circumstances surrounding the statements take precedence in evaluating whether the statements are plea-related. *Rivera*, 2013 IL 112467, ¶ 19. Although there is no required demarcation indicating the beginning of plea discussions, it must be clear that the defendant actually intended to plead guilty in exchange for a concession by the State, and such intent must be objectively reasonable. *Rivera*, 2013 IL 112467, ¶ 30.

¶ 16 In this case, we conclude that Rule 402(f) did not apply to the telephone conversation between Officer Derry and defendant. We do so for the following reasons.

¶ 17 Most importantly, under the two-part test set forth by our supreme court in *Rivera*, defendant's statements to Officer Derry were not plea-related. As to the first part of the test, there was no evidence that defendant subjectively expected that he was involved in any plea discussion. Defendant never mentioned a plea or otherwise indicated that he expected to plead guilty. The only reasonable conclusion that can be drawn from defendant's comments is that he intended to provide a written statement in exchange for Officer Derry charging him with only a misdemeanor. That alone is not evidence of an expectation of entering a guilty plea to that charge. Therefore, the first part of the test was not satisfied.

¶ 18 As to the second part of the test, even if defendant had a subjective expectation of negotiating a plea, it would not have been objectively reasonable under the totality of the facts. That is so because nothing about the conversation would have indicated to a reasonable person in defendant's position that Officer Derry had authority to engage in a plea discussion, to offer any plea deal, or to enter into a plea agreement. Officer Derry certainly did not express any such authority. Indeed, Officer Derry never mentioned a plea during the conversation. Nor did he imply as much. Although he told defendant that he had the authority to charge a misdemeanor, he came nowhere close to intimating that he had the authority to negotiate, offer, or accept a plea. In fact, he told defendant that he needed to speak with the State's Attorney's office even before deciding how to charge defendant. That statement would not suggest to a reasonable person in defendant's position that Officer Derry was referring to a plea or that he was involved in a plea negotiation. Therefore, any expectation by defendant of negotiating a plea would not have been objectively reasonable. Thus, the second part of the test was not met. For these reasons, the trial court's ruling that defendant's statements were inadmissible because they were made during a "plea discussion" between Officer Derry and defendant was error.

¶ 19 In so ruling, we emphasize that this is the type of situation in which a court should resist characterizing a commonplace conversation between a police officer and a suspect as a plea negotiation. See *Rivera*, 2013 IL 112467, ¶ 29. Clearly, Officer Derry was endeavoring to

elicit information from defendant by expressing his willingness to consider charging defendant with a less serious offense.[2] That was nothing more than an interrogation technique. If we were to interpret it as a plea negotiation, we effectively would blur the line between the investigative role of the police and the adjudicative role of the prosecutor. Such a result would infect, with the limitations and requirements designed to apply to the plea-negotiation process, what was simply a routine police investigation. That is precisely what our supreme court has cautioned against doing. See *Rivera*, 2013 IL 112467, ¶ 29.

¶ 20 Moreover, the purpose behind Rule 402(f) would not be served by applying it to the conversation between Officer Derry and defendant. As discussed, the purpose of the rule is to encourage the negotiated disposition of a criminal case. The rule was not intended, however, to exclude from evidence mere offers to cooperate with the police that are unaccompanied by the rudiments of the plea-negotiation process. See *Rivera*, 2013 IL 112467, ¶ 23. There were no such rudiments present here. As discussed, defendant has failed to show that the conversation with Officer Derry was any more than an effort by him to obtain a reduced charge in exchange for his cooperation. Therefore, the application of Rule 402(f) would run afoul of the stated purpose of the rule.

¶ 21 Finally, defendant's reliance on *United States v. Melina*, 868 F. Supp. 1178 (D. Minn. 1994), is misplaced for two reasons. First, a federal district court case is not binding on this court. See *County of Du Page v. Lake Street Spa, Inc.*, 395 Ill. App. 3d 110, 122 (2009). Second, and more importantly, *Melina* is factually distinguishable from our case. In *Melina*, the prosecutor was actively involved in the investigative process and had expressly authorized the investigating officer to promise a lesser charge in exchange for the defendant's statement. *Melina*, 868 F. Supp. at 1183. Moreover, the defendant had refused to answer any questions until he received assurances from the prosecutor, one of which was as to the severity of the charge. *Melina*, 868 F. Supp. at 1181-82. Those facts are absent from our case. Therefore, *Melina* provides no support for defendant.

¶ 22 For all of these reasons, we conclude that the telephone conversation between Officer Derry and defendant did not constitute a plea discussion within the meaning of Rule 402(f).

¶ 23                                   III. CONCLUSION
¶ 24 For the reasons stated, we reverse the order of the circuit court of Boone County granting defendant's motion to suppress, and we remand the cause.

¶ 25 Reversed and remanded.

---

[2]To the extent that the trial court found that Officer Derry actually promised defendant that he would charge him with a misdemeanor, that finding was against the manifest weight of the evidence. See *Close*, 238 Ill. 2d at 504. Officer Derry's undisputed testimony established that he at most promised defendant that he was willing to consider a lesser charge in exchange for defendant's written statement.